UNITED STATES of America, Plaintiff-Appellee,

v.

Keith Timothy DUBEA, Defendant-Appellant.

No. 79–5334
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1980.

---

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Stuart R. Mishkin, Miami, Fla., for defendant-appellant.

Linda L. Carroll, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

On February 17, 1979, Keith Timothy Dubea arrived at the Miami International Airport from Lima, Peru. A customs inspector discovered cocaine in one of the suitcases in Dubea's possession. Dubea was indicted for violating federal narcotics laws on two counts. After a three day trial, the jury found Dubea guilty as to Count I, knowingly and intentionally importing cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1).[1] The jury found that appellant was not guilty as to Count II, knowingly and intentionally possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[2] On appeal, Dubea contends that the verdicts of the two counts are inconsistent and therefore the guilty verdict as to Count I cannot stand. We affirm the conviction.

Appellant incorrectly assumes that the two verdicts are necessarily inconsistent. The jury could have inferred that the evidence was insufficient to prove that Dubea intended to distribute the cocaine. Evidence regarding whether the 705 grams of cocaine found in Dubea's possession constituted a substantial quantity was not admitted at trial. Consequently, the jury could have found that the amount of cocaine seized was not substantial, and therefore Dubea did not intend to distribute it.

Furthermore, Dubea misconstrues the effect of apparently inconsistent jury verdicts. Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial. *United States v. Michel*, 588 F.2d 986, 997 (5th Cir. 1979).

The offenses involved here were separate and distinct crimes. *See United States v. Romeros*, 600 F.2d 1104, 1105 (5th Cir. 1979). The record amply demonstrates that the evidence was sufficient to support the jury verdict convicting appellant of knowingly and intentionally importing cocaine. Accordingly, the jury's verdict on Count I against Dubea is AFFIRMED.

---

1. 21 U.S.C. § 952(a) provides in applicable part:
   It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in Schedule III, IV, or V of subchapter I of this chapter . . . . .
   21 U.S.C. § 960(a)(1) provides:
   (a) Any person who—
   (1) contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance,

   . . .

   *  *  *  *  *  *
   shall be punished as provided in subsection (b) of this section.

2. 21 U.S.C. § 841(a)(1) provides:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.