**Revised November 16, 1998**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-41256
_____

TYRONE FULLER,

Plaintiff-Appellant,

VERSUS

GARY JOHNSON, DIRECTION, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

October 27, 1998

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DAVIS, Circuit Judge:

Tyrone Fuller, a Texas death row inmate, appeals the district court's denial of his request for federal habeas relief. He raises several claims in this appeal. We conclude that he has procedurally defaulted on these claims. In the alternative, we conclude that his claims are without merit. We therefore affirm the dismissal of his petition for habeas relief.

## I. Facts

Andrea Lea Duke's body was discovered on her neighbor's front steps on January 20, 1988. She had died as a result of multiple

stab wounds to her chest and heart. Before she died, Duke was severely beaten, raped, and left for dead. She died as she struggled to reach her neighbor's house.

Duke was attacked during the burglary of her duplex by John McGrew, Kenneth Harmon and Petitioner, Tyrone Fuller. The police recovered a bloody sock print on the hallway tile floor that was consistent with Fuller's footprint, but not those of his codefendants. Blood typing and genetic marker testing of seminal stains found on Duke's bed excluded the possibility that Duke's boyfriend or either of the codefendants was the donor, but did not exclude Fuller. DNA testing of seminal stains and hairs recovered from Duke's body excluded the possibility that they came from the codefendants or Duke's boyfriend, but did not exclude Fuller.

Tyrone Fuller was indicted for the capital murder of Andrea Lea Duke while in the course of committing and attempting to commit the offenses of aggravated sexual assault, burglary, and robbery in violation of TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 1991). Fuller was convicted of capital murder in March of 1989. The jurors answered two special sentencing issues in the affirmative, and the trial court sentenced Fuller to death.

Fuller appealed his conviction and sentence to the Court of Criminal Appeals of Texas, which affirmed the conviction. Fuller v. State, 827 S.W.2d 919 (Tex. Crim. App. 1992). Fuller's petition for a writ of certiorari was denied by the United States Supreme Court in June of 1993. Fuller v. Texas, 509 U.S. 922, 113 S. Ct. 3035, 125 L. Ed. 2d 722 (1993). The Supreme Court denied a

2

rehearing in August of 1993. Fuller v. Texas, 509 U.S. 940, 114 S. Ct. 13, 125 L. Ed. 2d 765 (1993).

Fuller filed a state habeas petition, to which the trial court submitted findings of fact and conclusions of law recommending denial of the requested relief. The Court of Criminal Appeals adopted the trial court's recommendations and denied relief in January of 1996. Ex parte Fuller, No. 30,127-01. The Supreme Court denied writs in June of 1996. Fuller v. Texas, 517 U.S. 1248, 116 S. Ct. 2507, 135 L. Ed. 2d 196 (1996).

Fuller filed his first federal habeas petition in April 1996 and then requested leave to file an amended petition. The request was granted, and Fuller's amended petition was timely filed in July of 1996. The district court appointed a magistrate judge to conduct a hearing and propose findings of fact and conclusions of law on Fuller's habeas claims. After conducting an evidentiary hearing, the magistrate judge entered proposed findings and conclusions rejecting habeas relief. The district court adopted the magistrate judge's findings and conclusions and dismissed the habeas petition in August of 1997. The district court granted a Certificate of Probable Cause. Fuller now appeals the district court's judgment.

## II. Procedure

### A. The AEDPA

Because Fuller filed his habeas petition prior to the passage of the 1996 Antiterrorism and Effective Death Penalty Act, the regime set forth in that act does not apply to this case. Lindh v.

<u>Murphy</u>, 521 U.S. 320, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481 (1997).

### B. Procedural Default

Habeas relief will not be granted by a federal court "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (1994). The Supreme Court has held that any petition containing an unexhausted claim (a "mixed petition") must be dismissed without prejudice for failure to exhaust state remedies. <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L. Ed. 2d 279 (1982). Fuller's federal habeas petition included some claims that were exhausted in state court and some claims that were not. Fuller asked the district court to dismiss his petition without prejudice so that he could proceed in state court on his unexhausted claims. The district court denied Fuller's request because the unexhausted claims were procedurally barred in state court and therefore the exhaustion requirement was met.

Fuller argues that the district court erred in refusing his request to dismiss the unexhausted claims without prejudice. Fuller's argument is without merit. The Supreme Court has held that the exhaustion requirement only exists with respect to remedies available at the time the federal petition is filed. Therefore, the exhaustion requirement is satisfied if such claims are procedurally barred under state law. <u>Gray v. Netherland</u>, 518 U.S. 152, 161, 116 S. Ct. 2074, 2080, 135 L. Ed. 2d 457 (1996). <u>See also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1, 111 S. Ct.

4

2546, 2557 n.1, 115 L. Ed. 2d 640 (1991); Engle v. Isaac, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 1570 n.28, 71 L. Ed. 2d 783 (1982).

Fuller did not raise the claims he asserts before us in his state habeas petition. We conclude that he is now foreclosed from bringing these claims in a second habeas petition because of Texas's abuse of the writ doctrine.[1] Ex parte Carr, 511 S.W.2d 523, 525-26 (Tex. Crim. App. 1974); Coleman, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1.

Fuller argues that Texas did not regularly apply the abuse of writ doctrine when he filed his state habeas petition in May of 1995, and thus it would not serve as a procedural bar and fulfill the exhaustion requirement. Although Fuller is correct that a procedural rule that acts as a bar must be "firmly established and regularly followed," Ford v. Georgia, 498 U.S. 411, 423, 111 S. Ct. 850, 851, 112 L. Ed. 2d 935 (1991) (quoting James v. Kentucky, 466 U.S. 341, 348, 104 S. Ct. 1830, 1835, 80 L. Ed. 2d 346 (1984)), we have previously determined that the abuse of writ doctrine was strictly and regularly applied at the time Fuller filed his first habeas petition. Emery v. Johnson, 139 F.3d 191, 195, 201 (5th Cir. 1997). See also Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995).

In Emery, this Court recognized that although the abuse of writ doctrine historically had not been strictly and regularly

---

[1] Although an abuse of the writ rule was added to the Texas Rules of Criminal Procedure in 1995, TEX. CODE CRIM. P. ANN. art. 11.071 § 5(c), the doctrine that preceded the adoption of this rule constitutes adequate grounds to decide this appeal.

applied, the irregularity was cured in 1994 when the Texas Court of Criminal Appeals announced that the doctrine would thereafter be strictly applied. 139 F.3d at 195-96. This panel is bound by Emery's precedent. Narvaiz v. Johnson, 134 F.3d 688, 694 (5th Cir. 1998). We therefore reject petitioner's claim that the abuse of the writ doctrine was not strictly or regularly applied. Thus, Fuller would have been precluded from asserting his unexhausted claims in a successive habeas petition in Texas state court.

Because Fuller could not have sought relief on his claims in state court, the district court correctly concluded that it need not dismiss Fuller's petition without prejudice to permit him to exhaust these claims. Although Fuller could overcome this procedural default by demonstrating cause and prejudice for his failure to bring all claims in his initial state habeas petition, he made no such argument either to the district court or to this Court.

Petitioner also argues that the procedural bar cannot operate to preclude federal review of his claims because he may present these claims to the Texas Court of Criminal Appeals under that court's original habeas jurisdiction regardless of any writ abuse.

In September 1995, Texas adopted Article 11.071 § 5(a) of the Texas Code of Criminal Procedure, which precludes a state court from considering the merits of claims presented in a successive habeas application unless predicate facts for a statutory exception are established.

In Ex parte Davis, the Texas Court of Criminal Appeals,

sitting en banc, considered whether it had habeas jurisdiction separate and apart from that referred to in Article 11.  947 S.W.2d 216 (Tex. Crim. App. 1997).  A minority of the court answered this question in the affirmative.  We conclude that this minority view of the Texas Court of Criminal Appeals that it may have the right to consider a successive habeas petition despite Article 11 does not demonstrate a change in the strict, regular application of the abuse of writ doctrine by Texas courts.

Because the claims Fuller brings in this petition are procedurally barred in state court, these claims are not cognizable in federal habeas proceedings.  In the alternative, however, we address the merits of these claims.

### III.  Ineffective Assistance of Counsel

Fuller challenges the district court's denial of his claim that his attorney was ineffective.  Even were Fuller's claim not procedurally defaulted, it is meritless.

To demonstrate that his counsel was constitutionally ineffective, Fuller must make two showings.  First, he must show that his counsel's performance was deficient--that counsel was not reasonably competent and counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  Second, Fuller must show that his defense was prejudiced by his counsel's incompetence.  Id.

### A. Failure to Investigate Juror Boyce Lee Lindsay

Fuller first argues that his counsel was constitutionally

7

ineffective because both trial and appellate counsel failed to raise the issue that one of his jurors had been legally accused of theft. Juror Boyce Lee Lindsay was charged with theft at the time he was selected to serve on Fuller's jury. The juror questionnaire asked whether any juror was ever "charged, arrested, indicted, convicted or received any type of probation or deferred adjudication for any criminal offense above the level of a traffic ticket." Juror Lindsay replied "No" to this question.

In addition, during voir dire, the court instructed the panel that if any panelist was under legal accusation for a felony or any theft offense, the panelist must approach the bench. Juror Lindsay heard this admonition, but remained silent. Juror Lindsay was later selected as the twelfth member of the jury. Fuller argues that had counsel conducted a thorough review of the jurors' criminal records following the trial, they would have discovered Lindsay's criminal charge and could have moved for and obtained a new trial.

We decline to hold that counsel is ineffective under such circumstances and none of the cases Fuller cites supports a contrary conclusion. Competent counsel need not engage in such searching investigations of jurors where no suspicion is raised about the truthfulness of the juror's responses to questions.

In addition, Fuller has not satisfied the prejudice prong of Strickland. Even were we to believe that Fuller has demonstrated that his counsel was constitutionally deficient, Fuller has not demonstrated how Juror Lindsay's participation affected the

8

reliability or the fairness of his trial.

## B. Grand Jury Testimony

Petitioner next asserts that his counsel was constitutionally ineffective for failing to advise him *not* to testify before the grand jury in April 1988. Fuller argues that he was reluctant to testify, but his counsel advised that if he testified, he might escape indictment for capital murder. Counsel further advised that he would have no problems answering the prosecutor's questions.

Fuller's counsel stated in her affidavit that she and Fuller discussed the pros and cons of testifying, and discussed the possibility that he might be indicted for murder and not capital murder. Counsel stated that she could not imagine that she told Fuller that he would have no problems answering the prosecutor's questions. Counsel further stated that Fuller was convinced of his ability to persuade the grand jury that he was not involved in this case. Ultimately, Fuller made the decision to testify. Counsel and the prosecutor stated in their affidavits that the information regarding Fuller at the time of the grand jury testimony indicated that he was the least culpable of the three potential perpetrators. Counsel stated that she was negotiating a plea bargain at that time. Indeed, it was only later, after forensic evidence was discovered, that the prosecutor concluded that Fuller was the primary participant.

The district court, after conducting an evidentiary hearing, found that "the state habeas court's findings are consistent and comport to the evidence adduced at the [federal] evidentiary

9

hearing." The district court then relied on the state court findings that Fuller knowingly, voluntarily, and intelligently waived his right not to testify before the grand jury. The state court further found that Fuller insisted on testifying to the grand jury, and that at the time of the grand jury testimony, he was advising his attorneys that he was not involved in the murder or sexual assault. The trial court also found that counsel did not tell Petitioner that he would not be indicted for capital murder if he testified, and did not advise him that he would have no problems answering the prosecutor's questions.

We agree with the district court that Fuller made an informed choice to testify before the grand jury and that Fuller's counsel was not constitutionally ineffective for failing to advise Fuller not to testify in these circumstances. We conclude that the district court properly dismissed this claim as meritless.

IV. Sixth Amendment Right to Counsel

Fuller argues next that the state violated his Sixth Amendment right to counsel by refusing to allow his counsel to be present during the grand jury proceeding. In United States v. Mandujano, the Supreme Court held that a witness has no constitutional right to an attorney during grand jury proceedings when criminal proceedings have not been instituted against the witness and therefore the Sixth Amendment right to counsel has not attached. 425 U.S. 564, 581, 96 S. Ct. 1768, 1778, 48 L. Ed. 2d 212 (1976). Because Fuller had not been indicted at the time of his grand jury testimony, his Sixth Amendment right to counsel had not attached

10

and therefore could not have been violated.

V. Juror Lindsay's Presence and Fuller's Due Process of Law

Fuller argues finally that the presence of Boyce Lee Lindsay on his jury deprived him of his rights to due process and a fair trial. Fuller argues that because Texas law disqualified Lindsay from service on a jury, the failure to follow such law rendered his trial unconstitutional. This Court does not review violations of state law on habeas unless the violation renders the trial as a whole fundamentally unfair. Engle v. Isaac, 456 U.S. 107, 135, 102 S. Ct. 1558, 1575, 71 L. Ed. 2d 783 (1982). Fuller's only showing of unfairness is that the state law was violated. Fuller has not shown that the failure to follow a state law regarding the composition of a jury renders the entire trial fundamentally unfair. Fuller has thus not asserted a claim cognizable in federal habeas corpus proceedings. Id. at 119, 102 S. Ct. at 1567.

## Conclusion

In summary, we conclude that Fuller's claims are not cognizable on federal habeas because Fuller procedurally defaulted on these claims in the state court. In the alternative, the claims are without merit. We therefore affirm the judgment of the district court dismissing Fuller's habeas petition.

AFFIRMED.

11