**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50940**
_____

**ALVA CURRY,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS**
**DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(1:98-CV-318)**
_____

July 18, 2000

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alva Curry, sentenced to death for capital murder, requests a certificate of appealability (COA) from denial of his habeas application. The request is **DENIED**.

I.

The Texas Court of Criminal Appeals affirmed Curry's 1992 conviction and death sentence for murder in the course of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committing a robbery. *Curry v. State*, 910 S.W.2d 490 (Tex. Crim. App. 1995).

In March 1998, the trial court entered findings of fact and conclusions of law, recommending denial of state habeas relief. The Court of Criminal Appeals denied relief that May, based on those findings and its review of the record.

Curry sought federal habeas relief that August. The application was referred to a magistrate judge, who recommended that the State be granted summary judgment. The report and recommendation, to which Curry did *not* object, was adopted by the district court. It treated Curry's notice of appeal as a motion for a COA, and denied it in November 1999. In March 2000, Curry filed his COA request here.

## II.

*Only* Curry's sentence is at issue. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (AEDPA) applies, because the federal application was filed subsequent to its enactment. *See Green v. Johnson*, 116 F.3d 1115, 1119-20 (5th Cir. 1997). The district court having denied a COA, Curry must obtain it here. 28 U.S.C. § 2253(c)(1)(A).

A COA is granted if there is "a substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2). Curry must demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further". *Slack v. McDaniel*, ___U.S.___, 120 S. Ct. 1595, 1603-04 (2000)(internal quotation marks and citation omitted).

For a state prisoner, such as Curry, habeas relief may *not* be granted under AEDPA

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Normally, for deciding whether such relief (as opposed to a COA) should be granted, "pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)". *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir.), *cert. denied*, 525 U.S. 1049 (1998). Here, however, Curry failed to object to the magistrate judge's report and recommendation. Pursuant to our supervisory powers, we may limit appellate review for such failure. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

In this circuit, the failure to so object limits appellate review to plain error, *if* the party has been so warned. *See*

*Douglass v. United States Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).  The magistrate judge warned, however, that such failure would limit appellate review of factual findings to "clear", rather than "plain", error and would *not* limit the appellate court's review of legal conclusions.

Assuming that this forfeiture rule applies to ruling on a COA request, the rule does *not* apply, because the correct warning was *not* given.  Curry does *not* challenge the findings of fact.  Accordingly, as discussed in part II.B., we review the presented issues of law in the light of the "contrary to" and "unreasonable application of" standards found in § 2254(d)(1).

"[A] decision [is] contrary to ... clearly established Federal law", § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts".  *Williams v. Taylor*, ___ U.S. ___, 120 S. Ct. 1495, 1523 (2000).  And, there is an "unreasonable application of ... clearly established Federal law", § 2254(d)(1), "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case".  *Id.*

Curry disputes applying AEDPA's standards of review, claiming the state habeas court did *not* conduct a full and fair review of

- 4 -

his constitutional claims. In any event, he claims COA entitlement on each of the following bases: (1) due process was denied, because the trial *and* state habeas courts refused to allow reasonable funds for expert testimony; (2) equal protection was denied, because the trial court denied his requested instruction that a life sentence would require his serving at least 35 years; (3) the Texas death penalty statute is unconstitutional, because the jury's decision on mitigation is *not* subject to meaningful appellate review; (4) the prosecutor's comments during voir dire undermined the jurors' sense of responsibility; and (5) his trial counsel was ineffective regarding mitigation and future dangerousness.

### A.

To support his claim that we should *not* defer to the state habeas findings and conclusions, 28 U.S.C. §§ 2254(d)-(e)(1), Curry notes an evidentiary hearing was *not* held on his ineffective assistance claims.

"But, [a] full and fair hearing does not necessarily require live testimony. We have repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing". ***Murphy v. Johnson***, 205 F.3d 809, 816 (5th Cir.), *petition for cert. filed*, (U.S. 31 Mar. 2000)(No. 99-10268). Moreover, the state habeas court reviewed Curry's lead trial counsel's affidavit concerning

his reasons for making certain decisions and whether he rendered ineffective assistance.

## B.

At issue is whether to grant a COA, *not* whether to grant habeas relief.  But, obviously, in applying the earlier described standard for whether to grant a COA on any of the issues presented, we must keep in mind AEDPA's hurdles for obtaining habeas relief.  As discussed *infra*, and for essentially the reasons stated in the magistrate judge's report and recommendation adopted by the district court, ***Curry v. Johnson***, No. 1:98-CV-318 (W.D. Tex. 30 Sep. 1999), Curry has *not* made, for any of those issues, the requisite "substantial showing of the denial of a constitutional right", as required by § 2253(c)(2).

## 1.

Claimed denial of due process at the trial's punishment phase is based on the trial court's refusing to appropriate reasonable funds to counter the State's expert on future dangerousness.  That court provided Curry $1,000 to retain an expert.  Counsel retained Dr. Marquart, who testified that future dangerousness could *not* be reliably predicted.

In an affidavit in support of Curry's federal habeas application, trial counsel stated that, had adequate funds been available, he "would have been [also] able to retain a psychiatric expert".  In an affidavit given in the state habeas proceeding,

however, trial counsel stated that, given the nature of the case, he retained Dr. Marquart, because he would be more helpful than a psychiatrist on the future dangerousness issue.

Curry does *not* cite to the record where trial counsel requested, and was denied, additional funds for experts. Furthermore, he points to *no* authority for his proposition that he is entitled to state funds for expert witnesses during his habeas proceeding.

2.

The claimed equal protection denial is premised on the trial court's refusing Curry's requested instruction that a life imprisonment sentence would require his serving 35 years. Under our precedent, however, such refusal in Texas is constitutional. **Allridge v. Scott**, 41 F.3d 213, 222 (5th Cir. 1994), *cert. denied*, 514 U.S. 1108 (1995).

3.

The claimed unconstitutionality of the Texas death penalty statute springs from the jury's verdict on the mitigation special issue supposedly *not* being subject to meaningful appellate review. This issue is cursory and *not* properly briefed. Therefore, it is deemed abandoned. *See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

4.

The prosecutor's comments during voir dire are claimed to have undermined the jury's sense of responsibility in answering the special issues. This issue was *not* presented to the state courts on either direct or collateral review. Accordingly, it has *not* been exhausted, is procedurally barred under the Texas abuse of the writ doctrine, and is correspondingly *not* cognizable in federal habeas proceedings. *See* **Fuller v. Johnson**, 158 F.3d 903, 906 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133 (1999); 28 U.S.C. § 2254 (b)(1)(A)(failure to exhaust state remedies).

5.

To succeed on any of his three ineffective assistance claims, Curry must demonstrate counsel's performance was deficient, and this prejudiced his defense, such that there is a reasonable probability the trial's result would have been different. **Strickland v. Washington**, 466 U.S. 668, 687 (1984).

a.

Concerning failing to investigate and present evidence of mitigation at the punishment phase, trial counsel stated, in his affidavit: a "number of relatives, friends, teachers and religious advisers were interviewed"; and, "[b]ased on these interviews [,counsel] made the decision to use the persons [he] felt would make the most effective witnesses".

Furthermore, the affidavit of Curry's wife (common law) claiming that she requested to meet with Curry's counsel, but was

- 8 -

unable to schedule an appointment, primarily negates the testimony of her mother that Curry had threatened to kill the mother and had struck his wife.  Moreover, the wife stated her mother's testimony was false.  And, if called, the wife would have been subject to cross-examination on Curry's drug use and her knowledge of his criminal history.  The decision *not* to call her, because of the double-edged nature of her testimony, is *not* deficient performance. *West v. Johnson*, 92 F.3d 1385, 1409 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997).

### b.

Regarding *not* using available funds to obtain an appropriate expert to counter the State's on future dangerousness, counsel elected, as noted, to retain Dr. Marquart to testify that it was *not* possible to reliably predict such conduct.  This was a strategic decision and is "virtually unchallengeable".  *Vega v. Johnson*, 149 F.3d 354, 361 n.5 (5th Cir. 1998), *cert. denied*, 525 U.S. 1119 (1999).

### c.

Concerning *not* obtaining a hearing, outside the presence of the jury, to determine the admissibility of the State's experts' future dangerousness testimony, psychiatric testimony concerning such conduct is admissible.  *See Barefoot v. Estelle*, 463 U.S. 880, 896-905 (1983).  The failure to request a hearing to determine the

admissibility of testimony the Supreme Court has ruled is admissible is *not* deficient performance.

## III.

For the foregoing reasons, a COA is

***DENIED.***