IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41147
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE CASTILLO, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(B-00-CR-147-1)
--------------------
October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Guadalupe Castillo, Jr., contends on appeal that the evidence was not sufficient to support his convictions for conspiracy to import and importation of marijuana. According to Castillo, the evidence did not show that he had knowledge of the marijuana hidden in compartments of the borrowed vehicle he had driven across the border from Mexico to the United States. He also argues that the fact that the jury acquitted him of the charges of conspiracy to possess with intent to distribute

_____

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

marijuana and possession with intent to distribute marijuana rendered the evidence insufficient because proof of importation required proof of the elements of those offenses.

Addressing Castillo's second contention first, we note that the jury was not required to find that Castillo intended to distribute the drugs to find him guilty of conspiracy to import or importation of marijuana. The jury could have inferred that Castillo's only part in the venture was to possess and transport the drugs but that he did not intend to participate in the distribution of the marijuana. See United States v. Dubea, 612 F.2d 950, 951 (5th Cir. 1980).

Further, if "a multicount verdict appears inconsistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned." Id. The jury's verdict on the remaining counts is not relevant. Id. As discussed below, there was sufficient evidence to support Castillo's convictions for conspiracy to import and importation.

When drugs are found hidden in a defendant's vehicle, guilty knowledge may not be inferred solely from the defendant's control over that vehicle. United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994). In such cases, "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" must be shown. United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995)(internal quotations and citation omitted). Such evidence may include, among other things, a defendant's

2

nervousness, implausible explanations, or lack of surprise when contraband is discovered.  United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998).

The evidence reflected that Castillo appeared nervous when he was asked to open the trunk for an inspection.  Castillo did not express any anger about the marijuana being found in his vehicle or about a third party using him to transport the drugs over the border.  It is also implausible that the owner of the drugs would have entrusted a quantity of marijuana having a street value of $8300 to $12,500 to an unknowing and unsuspecting driver.  This circumstantial evidence supports the inference that Castillo was aware of the presence of the drugs that were hidden in the vehicle.

When we view the evidence in the light most favorable to the verdict, we conclude that it is sufficient to prove beyond a reasonable doubt that Castillo agreed to participate in a conspiracy to import, and knowingly imported, marijuana into the United States.  Ortega Reyna, 148 F.3d at 543.

Castillo also asserts that the government violated Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose to defense counsel that Castillo defecated in his pants during the custodial interrogation.  To establish a Brady violation, an accused must show that the State withheld evidence, that the evidence was favorable, and that the evidence was material to the defense. Little v. Johnson, 162 F.3d 855, 861 (5th Cir. 1998).

The evidence that Castillo defecated in his pants during the custodial interrogation was not concealed by the government because

3

Castillo was aware that the incident had occurred and that the agents were aware of it. Further, there is no reasonable probability that the introduction of such evidence would have affected the jury's verdict because it could have been construed as a sign of either guilt or innocence. Thus, it was neither material nor exculpatory evidence in the <u>Brady</u> context. The district court did not err in determining that no <u>Brady</u> violation had occurred. AFFIRMED.