United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10706
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESSICA LIZETTE LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3-04-CR-43-2
--------------------

Before Jolly, Davis, and Owen, Circuit Judges.

PER CURIAM:[*]

Jessica Lizette Lopez appeals her conviction for conspiracy to commit money laundering and the 78-month sentences imposed for the conspiracy money laundering count and the offense of making a false statement on a credit card application. Lopez argues that the jury reached inconsistent verdicts because she was acquitted of conspiracy to possess with intent to distribute cocaine and that the evidence was not sufficient to support the money laundering conviction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

If "a multicount verdict appears inconsistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned." United States v. Dubea, 612 F.2d 950, 951 (5th Cir. 1980). Lopez failed to move for a judgment of acquittal at the close of the Government's case. Therefore, the court reviews the sufficiency of the evidence to determine whether an affirmance will result in a miscarriage of justice. See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002); United States v. Rosalez-Orozco, 8 F.3d 198, 202 (5th Cir. 1993).

There was overwhelming evidence that the income of the Lopezes was derived from Hector Lopez's drug trafficking activities. The large amount of currency and drugs along with the weapons, drug wrapping paraphernalia, and drug ledgers found on the premises reflected that Hector Lopez was a participant in an ongoing drug trafficking organization. For the same reasons, Jessica Lopez's assertion that she knew nothing of the drug trafficking activity was incredible. The evidence also showed that Lopez made multiple expenditures with the funds provided by Hector Lopez. There was no credible evidence that the Lopezes derived income from a car sales business. There was sufficient evidence to support Lopez's conviction for conspiracy to commit money laundering. See United States v. Meshack, 225 F.3d 556, 573-74 (5th Cir. 2000); United States v. Westbrook, 119 F.3d 1176, 1191 (5th Cir. 1997). The conviction of Lopez did not

result in a manifest miscarriage of justice. <u>McIntosh</u>, 280 F.3d at 483; <u>Rosalez-Orozco</u>, 8 F.3d at 202.

Lopez's argument that the indictment did not allege a sum certain of laundered monetary funds in violation of her Sixth Amendment rights is without merit. By rendering the Guidelines advisory only, <u>United States v. Booker</u>, 543 U.S. 220 (2005) eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing. <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).

However, in determining the reasonableness of a post-<u>Booker</u> sentence, the court still must consider whether the district court correctly determined the applicable sentencing guidelines range. <u>Id.</u> at 518-19. The district court erred in determining that the $130,000 found in a truck that had departed from the Lopez residence constituted "laundered funds." <u>See</u> U.S.S.G. § 2S1.1, comment. (n.1). Although the source of the funds appeared to be drug activity, there was no evidence that Lopez conducted or attempted to conduct a financial transaction in order to conceal or disguise the nature or source of the funds. Thus, the district court incorrectly calculated the sentencing guidelines range. <u>See</u> <u>id.</u>; 18 U.S.C. § 1915(a). In light of the miscalculation of the Guidelines, the court cannot make an ultimate determination of reasonableness. <u>Duhon</u>, 440 F.3d at 716. The case is remanded to the district court for

resentencing.  See United States v. Villegas, 404 F.3d 355, 362 (2005).

Lopez argues that the calculation of her offense level for making a false statement on a credit card application was erroneous because there was no loss involved in the transaction. It is unnecessary to determine whether the loss was properly calculated because even if the argument was successful, it would not affect the calculation of the sentencing guidelines range. See U.S.S.G. § 3D1.3(a); §3D1.4.  Thus, this argument can have no effect on the sentence imposed.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.