# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

No. 11-60471
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EARNEST HOLDER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CR-40-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Earnest Holder has appealed his jury convictions of accepting kickbacks in connection with the award of a federally funded contract (Count 1), participating in a conspiracy to receive kickbacks in connection with the award of a federally funded contract (Count 2), making false material declarations to the grand jury (Count 3), and filing a false tax return that understated his taxable income for 2006 (Count 5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60471

Holder complains that he was not permitted to have counsel present during his grand jury testimony and that he was not permitted to return with counsel. As this issue has been raised for the first time on appeal, we review it for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). When, as here, criminal proceedings had not yet been instituted, the witness had no constitutional right to have counsel present during the grand jury proceeding. *Fuller v. Johnson*, 158 F.3d 903, 907-08 (5th Cir. 1998). No error has been shown, plain or otherwise. *See id.*

Holder complains that, by "requiring both sides to use blind strikes," the district court deprived him of one of his peremptory strikes because both the defense and the government struck the same juror. As the use of blind strikes has been approved by this court, Holder cannot show that the district court abused its discretion. *See United States v. Durham*, 587 F.3d 799, 801 (5th Cir. 1979); *United States v. Sarris*, 632 F.2d 1341, 1343 (5th Cir. 1980).

Holder asserts that the district court erred in admitting his signed statement into evidence because the statement was involuntarily given in connection with a polygraph examination that was not administered in accordance with FBI policies and procedures. The government made a proffer regarding the manner in which the polygraph examination was conducted. Based on that evidence, we conclude that the district court did not abuse its discretion in excluding details of the polygraph examination and in admitting the signed statement that resulted from the examination. *See United States v. El-Mezain*, 664 F.3d 467, 494 (5th Cir. 2011). The polygraph examiner's alleged failure to follow FBI guidelines does not provide Holder a basis for challenging his conviction. *See United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009). The district court did not clearly err in finding that Holder's signed statement was voluntarily given. *See Nunez-Sanchez*, 478 F.3d at 666. *United States v. Nunez-Sanchez*, 478 F.3d 663, 666 (5th Cir. 2007).

Holder contends that the district court abused its discretion by overruling his hearsay objection to admission of out-of-court statements of his coconspirator and that the government improperly referred to the hearsay statements in its opening statement. The district court did not abuse its discretion in determining that the coconspirator's out-of-court statements were admissible. *See El-Mezain*, 664 F.3d at 502; FED. R. EVID. 801(d)(2)(E). As the evidence was admissible, the district court did not plainly err in permitting the prosecutor to refer to those statements in her opening argument. *Puckett*, 556 U.S. at 135.

Holder claims that the district court erred by limiting his cross examination of the FBI's polygraph examiner and case agent. Holder has not shown, and the record does not reflect, that the district court's rulings limited him in any material way from attempting to undermine the agents' testimony. *See United States v. McCullough*, 631 F.3d 783, 790 (5th Cir. 2011).

Holder asserts that the district court erred in denying his motion to dismiss the conspiracy charge based on the acquittal of his coconspirator. No error has been shown in this regard. *See United States v. Zuniga-Salinas*, 952 F.2d 876, 877-79 (5th Cir. 1992) (en banc).

Holder complains that several government witnesses who testified in the first trial were not available to testify in the second trial. The record does not reflect whether Holder subpoenaed the witnesses or why he did not call them as witnesses. No error on the part of the district court has been shown. As the record has not been developed, we shall not consider Holder's related ineffective-assistance-of-counsel claim on direct appeal. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Holder contends that the district court erred in denying his motion for a mistrial after a government informant gave non-responsive testimony during cross examination about the manner in which he had generated cash to pay Holder and the manner in which he determined the total amount of those payments. Holder claims that, having denied the motion, the district court erred

in failing to strike the non-responsive testimony and in failing to give him additional time in which to prepare his cross examination of the informant. Holder has failed to show that the district court abused its discretion in this respect. *See United States v. Lucas*, 516 F.3d 316, 345 (5th Cir. 2008).

Holder urges that the district court erred in instructing the jury with regard to the tax-evasion charges. We review this question for plain error. *See Puckett*, 556 U.S. at 135. As the district court's instruction was consistent with the pattern jury instruction of the trial courts of this circuit, no error is apparent, plain or otherwise. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).

In a related contention, Holder complains that the verdicts in his first trial were inconsistent. The fact that the jury's verdict was inconsistent does not necessarily undermine the conviction. *See United States v. Dubea*, 612 F.2d 950, 951 (5th Cir. 1980). "Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned." *Id.* No error has been shown. *See id.*; *see also United States v. Mann*, 161 F.3d 840, 848 (5th Cir. 1998).

We have not considered several spurious arguments raised for the first time in Holder's reply brief. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). Neither have we considered any issues raised in the original brief that have been inadequately briefed. *See* FED. R. APP. P. 28(a)(9)(A); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). The judgment is AFFIRMED.