# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 30, 2012

Lyle W. Cayce
Clerk

No. 11-10707
Summary Calendar

ALICIA LEWIS,

Plaintiff-Appellant

v.

CITY OF WAXAHACHIE; ELLIS COUNTY; CINDY POLLEY, Ellis County
Clerk; JUDGE GENE CALVERT; JUDGE DON METCALF,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2579

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alicia Lewis moves for leave to proceed in forma pauperis (IFP) on appeal
from the district court's dismissal of her 42 U.S.C. § 1983 action in which she
alleged numerous injustices, including abuse of process, malicious prosecution,
wrongful imprisonment, cruel and unusual punishment, defamation of
character, unconstitutional conditions of confinement, and intentional infliction
of emotional distress. Lewis's IFP motion is a challenge to the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We need not consider Lewis's claims, raised for the first time on appeal, that an Ellis County officer used excessive force while subduing her and that the make-up of the grand jury was unconstitutional because the panel did not include an African American. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Lewis has abandoned any challenge to the district court's conclusion that her allegation that Sheriff Brown placed her on lockdown without reason did not raise a valid conditions of confinement claim. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Lewis argues that the district court erred in dismissing the majority of her civil rights claims, which concerned her conviction for contempt and the resulting 180-day prison sentence she served. She challenges the district court's conclusion that Judges Gene Calvert and Don Metcalf, District Attorney Joe Grubbs, and county clerk Cindy Polley were entitled to absolute immunity. She further challenges the district court's conclusion that her claims against the City of Waxahachie, Ellis County, and Sheriff Johnny Brown either were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or failed to state a claim upon which relief can be granted. These contentions are without merit.

Judges have absolute immunity for all acts performed in the exercise of judicial functions, no matter the alleged magnitude or mendacity of the acts. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Only in the clear absence of jurisdiction will "[a] judge . . . be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). All the acts by Judges Calvert and Metcalf of which Lewis complained–finding her in contempt of court, imposing an excessive sentence, denying her habeas corpus writ, refusing to voluntarily recuse themselves, and refusing to entertain motions–were taken in

the course of the criminal proceedings against Lewis; thus, the judges had at least some subject-matter jurisdiction. *See Adams v. McIlhany,* 764 F.2d 294, 298 (5th Cir. 1985); *see also Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (noting that the proper issue "is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power.") (citing *Stump*, 435 U.S. at 357).

In addition, the district court properly concluded that District Attorney Grubbs was absolutely immune from Lewis's allegations that he violated her constitutional rights by sending her before a grand jury without counsel on misdemeanor charges and denying her the right to cross examine witnesses because these claims arose from the performance of his official duties. *See Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000); *see also Burns v. Reed*, 500 U.S. 478, 490 (1991) (noting that absolute immunity extends to a "prosecutor's conduct before a grand jury"). Although court clerks are also entitled to absolute immunity from actions "for damages arising from acts they are specifically required to do under court order or at the judge's discretion," they are entitled to only qualified immunity from actions for damages arising out of the performance of their routine duties. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (internal citations and quotations omitted). There are not enough facts in the record to discern whether Polley is entitled to either absolute or qualified immunity. *See id.*; *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). Accordingly, the district court should not have concluded that Polley was entitled to absolute immunity.

In any event, we may affirm the district court's decision on any basis supported by the record, *see United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002), and Lewis's claims against Polley are subject to dismissal because they fail to state a claim upon which relief can be granted. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Lewis alleges that Polley refused to file

certain motions and did not forward her habeas petition to the proper court; however, she does not assert that Polley's actions denied her access to the courts or caused her any other hardship of constitutional magnitude. *See Tarter*, 646 F.2d at 1014.

Pursuant to *Heck,* 512 U.S. at 486-87, if a state prisoner seeks damages in a § 1983 suit for alleged constitutional violations and a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction or sentence, the suit must be dismissed, and the cause of action will not accrue until the conviction or sentence is overturned or otherwise invalidated. Lewis's allegations that she was falsely accused, wrongfully arrested, and maliciously prosecuted necessarily implicate the validity of her conviction. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). There is no evidence that Lewis's conviction for contempt has been overturned, expunged, or otherwise invalidated; thus, her claims have not yet accrued and are barred by *Heck. See id.*

We review a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Lewis's assertion that the City of Waxahachie and Ellis County willingly and knowingly allowed public officials to violate her civil rights, in particular by allowing her to appear before a grand jury on misdemeanors without the benefit of counsel, fails to state a claim upon which relief can be granted given that there is no constitutional right to have an attorney present when appearing before the grand jury. *See Fuller v. Johnson*, 158 F.3d 903, 907-08 (5th Cir. 1998). Equally meritless is Lewis's allegation that Sheriff Brown denied her a fair trial and maliciously prosecuted her for destruction of property. The assertion of malicious prosecution, in and of itself, does not state a federal constitutional claim, *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003) (en banc), and Lewis cannot demonstrate that the

allegedly false charges led to the violation of any other constitutional right given that she admitted that the destruction of property charges were eventually dismissed.

Lewis's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The IFP motion is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Lewis is cautioned that if she accumulates three strikes pursuant to § 1915(g), she may not proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.