# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2013

No. 12-10731
Summary Calendar

Lyle W. Cayce
Clerk

ALICIA LEWIS,

Plaintiff-Appellant

v.

JOE F. GRUBBS, District Attorney; SHERIFF JOHNNY BROWN,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2579

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alicia Lewis, a nonprisoner, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of her 42 U.S.C. § 1983 action for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). In the complaint, Lewis accused the district attorney, Joe F. Grubbs, of defamation and alleged that Sheriff Johnny Brown violated her constitutional rights by allowing her to stay in a flooded cell and sleep on a wet mattress. Lewis's IFP motion is a challenge to the district court's certification that her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We review de novo a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1561 (2012). Lewis contends that the district court erred in dismissing her defamation claim against Grubbs and her unconstitutional conditions of confinement claim against Sheriff Brown. She further argues that the district court erred in denying her motions for the recusal of the magistrate judge and the chief district judge.

Her claims that Grubbs was biased and maliciously prosecuted her; that Grubbs sent her "before a grand jury without counsel and on a misdemeanor"; that an officer at the Wayne McCollum Detention Center (Detention Center) made a false statement against her; and that Sheriff Brown allowed her to be booked into the Detention Center without a charge are barred by res judicata and are not cognizable in this appeal. *See  Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 386 (5th Cir. 2005). Furthermore, Lewis has not addressed the district court's reasons for dismissing her defamation claim or her unconstitutional conditions of confinement claim, nor does she address the reasons for the denials of her motions for recusal. By failing to identify any error in the district court's analysis, Lewis has abandoned any challenge she might have raised regarding the district court's decisions. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, Lewis's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. In light of this court's prior sanction warning in *Lewis v. City of Waxahachie*, 465 F. App'x 383, 386 (5th Cir. 2012), Lewis is cautioned that the filing of repetitive or frivolous pleadings will invite the imposition of sanctions,

No. 12-10731

which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.