# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10120
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY PAUL ROBERTS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gregory Paul Roberts challenges the 235-month sentence of imprisonment imposed following his guilty plea conviction of conspiring to possess with intent to distribute over 100 kilograms of a mixture and substance containing heroin. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10120

2005).  The district court's determination of drug quantity for purposes of sentencing is a factual finding that will be upheld unless it is not plausible in light of the entire record.  *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

The probation officer held Roberts accountable for 39.11 kilograms of heroin, which resulted in a base offense level of 38.  *See* U.S.S.G. § 2D1.1(c)(1). The bulk of this quantity, 39 kilograms, was based on the acquisition and distribution of heroin by Roberts and a codefendant, Jones, from January 2012 to November 6, 2012.  The probation officer reported that Roberts and Jones pooled their funds to make large heroin purchases.

Roberts asserts that he did not work with Jones or pool his money with Jones to purchase heroin from a supplier.  He submits that he and Jones had a buyer-supplier relationship and that they were not partners in drug trafficking.  Consistent with the above contentions, Roberts argues that the PSR overstates the quantity of heroin for which he is responsible because it includes the quantity that Jones purchased and distributed.  He contends that he should be held accountable for only half of the 39 kilograms.

A PSR is presumed to be reliable, and the sentencing court may rely on the PSR and adopt it in the absence of rebuttal evidence.  *Alaniz*, 726 F.3d at 619.  The burden is on the defendant to show that the information in the PSR is "materially untrue." *Id.* (quotation marks omitted).  Although Jones objected to the probation officer's drug quantity determinations, he did not present any evidence to rebut the findings made in the PSR and the Addendum to the PSR. Given the lack of rebuttal evidence, the district court did not err in relying on the information furnished by the probation officer.  *See Alaniz*, 726 F.3d at 619.

No. 14-10120

The sentence for one convicted of a drug offense is "based on the amount of drugs involved in the offense." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009); *see* § 2D1.1(a)(5), (c). "This quantity includes both drugs with which the defendant was directly involved, and drugs that can be attributed to the defendant in a conspiracy as part of his 'relevant conduct'" under U.S.S.G. § 1B1.3(a)(1)(B). *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994). A defendant convicted of a controlled substance offense "is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." § 1B1.3, comment. (n.2).

The pooling of funds to make heroin purchases is some evidence that Roberts was engaged in a jointly undertaken criminal activity with Jones with respect to the amount purchased. *See* § 1B1.3, comment. (n.2)(c)(6). Further, the PSR indicates that Roberts and Jones used the same drug couriers, and this likewise "is some evidence of a common criminal enterprise." *United States v. Gallardo-Trapero*, 185 F.3d 307, 314 (5th Cir. 1999). In view of the foregoing, the district court's determination that Roberts was accountable for the 39 kilograms of heroin in question is plausible in light of the entire record and thus is not clearly erroneous. *See Alaniz,* 726 F.3d at 618.

To the extent that Roberts challenges the attribution of an additional relatively small quantity of heroin, we do not consider his argument because, even if successful, it would not affect the calculation of the sentencing guidelines range. *See United States v. Lopez*, 183 F. App'x 445, 447 (5th Cir. 2006).

AFFIRMED.