**Obadiah STEPHENSON, Sr.,**
**Plaintiff–Appellant,**

v.

**Janet RENO, United States Attorney**
**General et al., Defendants–**
**Appellees.**

**No. 94–30080**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1994.

Obadiah Stephenson, Sr., pro se.

Before POLITZ, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

Obadiah Stephenson, Sr., a federal prisoner at the Federal Correctional Institution at Texarkana, Texas, filed the instant civil rights action under 28 U.S.C. §§ 1331, 1343(3), and 42 U.S.C. § 1985.[1] The complaint named seventeen federal defendants, ranging from Attorney General Janet Reno to the assistant federal public defender who represented Stephenson in the criminal pro-

21. *Id.* at 2–3.

1. Because it alleges civil rights violations by federal defendants, however, the action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

ceeding which forms the basis for this lawsuit. His complaint asserts a myriad of alleged violations of his civil rights and requests over $100 million in damages, all resulting from the investigation, conviction, and sentencing of Stephenson in federal court for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846.

█ The district court noted that Stephenson's complaint constituted an attack on the fact or length of his confinement and, as such, concluded that Stephenson's exclusive initial remedy for such a challenge was a collateral attack on his conviction under 28 U.S.C. § 2255. The court held that, to the extent that Stephenson's complaint raised any civil rights claims, it would be held in abeyance, reserving to Stephenson the right to move to reopen the case within the six months following the exhaustion of his post-conviction remedies. Stephenson now appeals from that order.[2]

The law on exhaustion of habeas corpus remedies has changed since the district court ruled. In *Heck v. Humphrey*, — U.S. —, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." — U.S. at —, 114 S.Ct. at 2372. The Court analogized such a claim to the tort of malicious prosecution, one element of which is "the termination of the prior criminal proceeding in favor of the accused." *Id.* at —, 114 S.Ct. at 2371.

*Heck* was a civil rights suit brought by a state prisoner, whereas Stephenson is a federal prisoner whose habeas remedies lie, not under 28 U.S.C. § 2254, but 28 U.S.C. § 2255. In *Spina v. Aaron*, 821 F.2d 1126,

1127–29 (5th Cir.1987), however, we held that, for purposes of a civil rights action implicating the validity of a conviction, there should be no distinction between state and federal prisoners and that the analysis of a federal prisoner's *Bivens*–type action which implicated his conviction "should parallel the analysis used to evaluate state prisoners' § 1983 claims." Therefore, if the district court was correct in determining that Stephenson's claims implicated his conviction, *Heck* applies.

Stephenson's civil rights action does constitute a challenge to the fact or length of his confinement. In particular, his action alleges that: law enforcement officials violated his constitutional rights when they were investigating him; he was held without an indictment; his court-appointed counsel rendered ineffective assistance; the district court illegally indicted and sentenced him; and all of the named defendants conspired to violate his constitutional rights, obstruct justice, commit mail fraud, common-law fraud, violate RICO, and engage in "out law [sic] conduct."

In fact, Stephenson concedes that the basis of his action is a challenge to the "constitutional validity of his Federal Court conviction and confinement." The plain language of Stephenson's brief and complaint establishes that his action falls directly within the strictures we enunciated in *Spina*.

The law of this Circuit that such civil rights actions be dismissed without prejudice and the running of the applicable statute of limitations tolled while the plaintiff was exhausting state remedies, *see Rodriguez v. Holmes*, 963 F.2d 799, 804–05 (5th Cir.1992), is no longer applicable. Under *Heck*, "the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." *Heck*, — U.S. at —, 114 S.Ct. at 2374. Therefore, because *Heck* dictates that a cause of action seeking damages under § 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence

---

**2.** An order holding a plaintiff's civil rights complaint in abeyance pending the exhaustion of state remedies is appealable under the collateral

order doctrine. *See Johnson v. State of Texas*, 878 F.2d 904, 905–06 (5th Cir.1989).

has been invalidated, *see id.,* there is no longer a need to dismiss such actions without prejudice and to toll the statute of limitations.

 Because Stephenson cannot establish the elements of a *Bivens* action until his conviction has been declared invalid or otherwise impugned as set out in *Heck,* the district court's order holding the case in abeyance is VACATED and the case is REMANDED to the district court for dismissal with prejudice. *See Heck,* —— U.S. at —— – ——, 114 S.Ct. at 2372–74.

Stephenson's additional motions—seeking leave to withdraw a petition for a writ of mandamus, and seeking to compel the appellees to respond to his brief in the instant case—are also DENIED.

VACATED AND REMANDED.