**Donald Ray THOMAS, Plaintiff,**

v.

**R. ESQUIVEL, Badge # 6902, et al., Defendants.**

**Civil Action No. 3:96–CV–1711–G.**

United States District Court, N.D. Texas, Dallas Division.

April 16, 1997.

Donald Ray Thomas, Tennessee Colony, TX, pro se.

Charles Spence Black, Jr., Stephen Douglas Henninger, Dallas City Atty's Office, Dallas, TX, for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court are: (1) the motion for summary judgment filed by the defendants Rafael Esquivel and Gerald Smalley (collectively, "defendants") and (2) the motion for summary judgment filed by the plaintiff Donald Ray Thomas ("Thomas"). For the following reasons, the court pretermits consideration of both motions and orders, *sua sponte*, that this case be remanded to the state district court from which it was previously removed.

## I. *BACKGROUND*

On October 20, 1993, defendants, both Dallas police officers, observed Thomas driving a stolen automobile. Defendants' Motion for Summary Judgment and Brief ("Motion") at 2; Motion, Exhibit A, Arrest Report ("Report") at 3. Defendants then stopped Thomas and arrested him for unauthorized use of a motor vehicle. Motion at 2; Report at 4. After placing him under arrest, defendants searched Thomas's front blue jean pocket and discovered several baggies, a razor blade, and what appeared to be four rocks of cocaine. *Id.* A search of the passenger compartment of the vehicle also revealed a semi-automatic handgun. Report at 4. The suspected rock cocaine later tested positive as cocaine. Motion at 2; Report at 4.

Police later charged Thomas with unlawful possession of a controlled substance. Motion at 2. Thomas was tried by a jury, convicted, and sentenced to 50 years in prison. *Id.* Plaintiff appealed his conviction, which was upheld by the Fifth District Court of Appeals of Texas at Dallas. *Id.; see also* Motion, Exhibit B, Opinion.

On August 31, 1995, Thomas, acting *pro se*, filed this suit—founded solely on state law—

in the 162nd Judicial District Court of Dallas County, Texas. Motion at 3; *see also* Defendants' Notice of Removal and Brief ("Notice of Removal"), Exhibit A, Plaintiff's Original Complaint. The defendants subsequently filed a motion for summary judgment. Motion at 3. On February 6, 1996, the state court granted the motion but treated it as a special exception, thereby allowing Thomas to replead his case within 21 days. Motion at 3; *see also* Notice of Removal, Exhibit D, Order. On March 5, 1996, the defendants filed a motion to dismiss on the ground that Thomas did not replead within the time prescribed by the court. Motion at 4; *see also* Notice of Removal, Exhibit E, Defendants' Motion to Dismiss. Although the court initially granted this motion, it determined, after at a hearing on Thomas's motion to reinstate, that Thomas had timely repled his causes of action on February 28, 1996 in a document entitled "Plaintiff's Motion to Replead His Complaint." Motion at 4; *see also* Notice of Removal, Exhibit H, Plaintiff's Motion to Replead His Complaint ("Amended Complaint"). Consequently, the court reinstated the case on June 4, 1996. Motion at 4; *see also* Notice of Removal, Exhibit G, Order Reinstating Case.

In his amended complaint, Thomas reasserted state law causes of action under the Texas Penal Code and the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq.* (Vernon 1986). Additionally, however, he alleged that the defendants "in their individual and official capacities knowingly and intentionally violated State Statutes and Constitutions of the State of Texas and United States in order to convict and imprison the Plaintiff." Amended Complaint at 4; *see also* Motion at 5. In essence, Thomas accused the defendants of planting on him the cocaine that he was convicted of possessing, falsely arresting him, and filing a false police report. *See generally* Amended Complaint; *see also* Motion at 4–5.

On June 19, 1996, the defendants removed the case to this court. On September 5, 1996, this court denied Thomas's request to remand this action to state court.

## II. *ANALYSIS*

The court can take judicial notice of its own records. Rule 201, F.R. Evid.; *Aloe Creme Laboratories, Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir.1970) ("The District Court clearly had the right to take notice of its own files and records"); *MacMillan Bloedel Limited v. Flintkote Company,* 760 F.2d 580, 587 (5th Cir.1985) ("A court may take judicial notice of related proceedings and records in cases before the same court."). Taking such notice, the court finds that on September 11, 1995, Thomas filed a complaint alleging that the defendants violated his rights under 42 U.S.C. § 1983 (" § 1983") on the same facts made the basis of the instant suit.[1] On September 25, 1995, United States Magistrate Judge Jeff Kaplan recommended dismissal of Thomas's § 1983 claim as frivolous under 28 U.S.C. § 1915(d) and dismissal of Thomas's petition for *habeas corpus* relief for failure to exhaust state remedies. On October 17, 1995, Chief Judge Jerry Buchmeyer adopted the recommendation of Judge Kaplan as the findings and conclusions of the court and entered judgment thereon adverse to Thomas.

■ Under principles of *res judicata* and duplicative litigation, this second case by Thomas, having now found its way into federal court, should be treated no differently than the first.[2] See *Wilson v. Lynaugh,* 878 F.2d 846, 847, 851 (5th Cir.1989). Even though the judgment of dismissal for frivolousness in the earlier case is not conclusive in a strict *res judicata* sense,[3] Thomas has made no showing that the facts underlying the previous frivolousness determination have changed. That is, he has not demonstrated that a state court or federal habeas court has held his conviction invalid. Until he does so, his claim for monetary damages against these defendants is, in Magistrate Judge Kaplan's phrase, "without an arguable basis in law." Findings and Recommenda-

tions of the United States Magistrate Judge in *Thomas v. Esquivel,* No. 3:95–CV–2015–R (N.D. Texas September 25, 1995) (citing *Heck v. Humphrey,* 512 U.S. 477, 485–87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), and *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994)). Indeed, a federal claim under § 1983 does not even arise until his conviction has been invalidated. *Stephenson,* 28 F.3d at 27–28 (citing *Heck,* 512 U.S. at 489–91, 114 S.Ct. at 2374). Thus, any federal claim Thomas is attempting to assert must, on the present record, be dismissed.

## III. *STATE LAW CLAIMS*

This case, as noted earlier, involves claims under both state and federal law. Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims " 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' " *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)). Yet supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon,* 484 U.S. at 350, 108 S.Ct. at 619.

When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually

---

1. Case No. 3:95–CV–2016–R.

2. This issue is appropriately raised by the court *sua sponte.* See *Carbonell v. Louisiana Dept. Of Health and Human Resources,* 772 F.2d 185, 189 (5th Cir.1985).

3. Dismissals under § 1915(d) are not on the merits but are rather an exercise of the court's discretion under the *in forma pauperis* statute. Nevertheless, they may have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions. *Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

decline the exercise of jurisdiction over the remaining claims and remand the case to state court. *Id.* at n. 7. According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989)).

In the instant case, the court concludes that Thomas presently has no viable federal claim against these defendants. Any such claims as he may have arise, if at all, under Texas law. Thus, because Thomas's federal claims are to be dismissed before trial, the factors of judicial economy, convenience, fairness, and comity suggest that this court should decline jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the reasons stated, Thomas's claims against these defendants under federal law are **DISMISSED**. The remaining claims, all of which are governed exclusively by state law, are **REMANDED** to the 162nd Judicial District Court of Dallas County, Texas. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**