IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60083
Conference Calendar
_____

RONALD JEROME PARRISH,

                                        Plaintiff-Appellant,

versus

DAN M. RUSSELL, JR., U.S. District Judge; CLERK
OF COURT, U.S. District Court, Southern District of
Mississippi, U.S. PAROLE COMMISSION; MELVIN D. MERCER, JR.,
Chief Correspondence and Special Services Section, FBI;
OFFICE OF THE PARDON ATTORNEY; JANET RENO, Attorney General,
U.S.A.; LOUIS FREEH, Director, Federal Bureau of Investigation,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-286-BrR
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Ronald Jerome Parrish, federal prisoner #00443-043, appeals
the district court's dismissal as frivolous of his suit brought
under Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).  Parrish contends that he is
unconstitutionally imprisoned because his sentence was enhanced
by a conviction which should have been expunged from his record.

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994).

Parrish has not alleged that his imprisonment has been invalidated. Accordingly, the district court's order dismissing Parrish's suit as frivolous pursuant to 28 U.S.C. § 1915(e) is AFFIRMED. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981)(this court may affirm on grounds different from those employed by the district court).

The district court's dismissal counts as a strike against Parrish. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (affirmance of district court's dismissal as frivolous counts as a single strike). Parrish is cautioned that if he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

AFFIRMED.