UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51184
Summary Calendar

_____

JAMES STEPHEN JONES; GREGORY C. NIEMANN,

Plaintiffs-Appellants,

versus

WALTER S. SMITH, JR., United States District
Judge, Western District of Texas, Waco
Division; WILLIAM WILSON JOHNSTON, Assistant
United States Attorney, Western District
of Texas, Waco Division; JOHN PHINIZY,
Assistant United States Attorney, Western
District of Texas, Waco Division; BRAD
WATSON, Special Agent, Drug Enforcement
Agency; ROBERT WILKERSON, Agent with the
Narcotics Division of the Department of
Public Safety, Waco Division; GEORGE MAYBEN,
Narcotics Investigator for Department of
Public Safety; J. R. SLOUGH, Chief Deputy
of Hamilton County, Texas; RONALD HUDSON MOODY;
STAN SCHWIEGER; JEFFEREY BRZOZOWSKI; JOEL BUDGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-99-CV-549-JN)

_____

June 13, 2000

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Stephen Jones, federal prisoner #56081-080, and Gregory C. Niemann, federal prisoner #26468-080, appeal the dismissal, as frivolous, of their action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. They contend the district court abused its discretion in so dismissing pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the RICO action constitutes a challenge to the fact or duration of the confinement of Jones and Niemann, they are precluded from filing the action until their challenged convictions have been reversed, declared invalid, or otherwise impugned. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994)(citing *Heck*, 512 U.S. at 486-87).

Niemann has shown that his challenged conviction has been called into question; but, he has *not* shown that the challenged conviction has been reversed or declared invalid. One of Jones' several convictions, that under 18 U.S.C. § 924(c) for using and carrying a firearm during a drug-trafficking offense, has been vacated pursuant to *Bailey v. United States*, 516 U.S. 137 (1995). But, even assuming vacating one of several convictions satisfies the *Heck* bar, the judgment may be affirmed on the alternative ground that Jones has *not* alleged sufficient facts to state any RICO claims against the defendants. *See United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir.), *cert. denied*, 516 U.S. 874 (1995).

Jones and Niemann contend for the first time on appeal that

the district court violated their due process and equal protection rights by applying *Heck* to their RICO claims. They have *not* demonstrated plain error. *See **Robertson v. Plano City of Texas***, 70 F.3d 21, 22-23 (5th Cir. 1995). ***Heck*** has been applied to a ***Bivens*** action which also raised RICO claims. ***Stephenson***, 28 F.3d at 27-28.

Jones and Niemann assert that the district court erred in adopting the magistrate judge's report and recommendation without addressing their objections. Any error was harmless, because Niemann did not show in his objections that the district court erred in concluding his RICO claims were precluded by ***Heck***. And, as noted, the dismissal of Jones' action may be affirmed on the alternative ground that Jones failed to allege sufficient facts to state a RICO claim.

Jones and Niemann contend that, after recusing himself, Judge Walter S. Smith, Jr., was without authority to transfer the case to Judge James R. Nowlin. They do *not* cite any authority to support their contention and have *not* shown that Judge Smith acted without authority or improperly.

Jones and Niemann contend that the district court erred in *not* reviewing the magistrate judge's denial of their motion to recuse Judge Nowlin; they maintain that the magistrate judge did *not* have authority to rule on the motion. Pursuant to 28 U.S.C. § 636(b), the district court referred all pretrial matters to the magistrate

3

judge.  Thus, the magistrate judge had authority to rule on the motion to recuse.  Because Jones and Niemann did *not* show that Judge Nowlin was biased or prejudiced, they have *not* shown that the magistrate judge erred.  *See* **United States v. MMR Corp.**, 954 F.2d 1040, 1044 (5th Cir. 1992) (28 U.S.C. § 144); **United States v. Harrelson**, 754 F.2d 1153, 1165 (5th Cir.) (28 U.S.C. § 455), *cert. denied*, 474 U.S. 908, 1034 (1985).

For the first time on appeal, Jones and Niemann contend that Judge Nowlin retaliated against them by threatening to impose sanctions for exercising their First Amendment rights.  Once again, they have *not* demonstrated plain error.  Needless to say, the district court had discretion to warn that filing frivolous actions in the future would result in the imposition of sanctions.  This warning did not violate First Amendment rights.  *See* **Mendoza v. Lynaugh**, 989 F.2d 191, 195 (5th Cir. 1993).

*AFFIRMED*