IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21098
Conference Calendar
_____

PAUL DOUGLAS CELESTINE,

                                      Plaintiff-Appellant,

versus

RICHARD O. ELI II,

                                      Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2364
---------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Paul Douglas Celestine, federal prisoner # 872178, appeals
from the dismissal of his <u>Bivens</u>[**] action for failure to state a
claim under 28 U.S.C. § 1915A(b)(1) and from the denial of his
"motion for reconsideration," which we construe as a Fed. R. Civ.
P. 60(b) motion.  Celestine also requests the appointment of
counsel.  This motion is DENIED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

This court must examine the basis of its jurisdiction, on its own motion, if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Celestine did not file a timely notice of appeal from the district court's July 25, 2000, order of dismissal. See Fed. R. App. P. 4(a)(1). Thus, this court lacks jurisdiction over the appeal of the dismissal of the complaint. See Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985). However, the notice of appeal was timely as to Celestine's Fed. R. Civ. P. 60(b) motion, which we now consider.

Celestine's brief, liberally construed, argues that the district court abused its discretion in denying Fed. R. Civ. P. 60(b) relief from judgment because he should not be required, under Heck v. Humphrey, 512 U.S. 477 (1994), to demonstrate that his criminal conviction has been overturned before seeking damages. This argument is meritless. The district court did not abuse its discretion in denying Celestine's Fed. R. Civ. P. 60(b) motion. See Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994).

Celestine's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

The dismissal of this appeal and the dismissal for failure to state a claim by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Celestine, therefore, has two "strikes" under 28 U.S.C. § 1915(g). We caution Celestine

that once he accumulates three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTIONS WARNING ISSUED.