IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41089
Conference Calendar
_____

EDWARD HILL,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, Director of Texas
Department of Criminal Justice; JOHN S. FISHER,
Staff Counsel for Inmates,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-557
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Edward Hill, Texas prisoner # 696537, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e). He renews his claim for money damages against the Texas Department of Criminal Justice ("TDCJ") for illegally incarcerating him, but he does not renew his claim against John

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fisher, and that claim is waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hill argues that the district court erred in dismissing his claim against the TDCJ for failure to exhaust and as barred by Heck v. Humphrey, 512 U.S. 477 (1994).  This court need not address Hill's exhaustion arguments because the district court correctly determined that Hill's claim for money damages arising out of his allegedly illegal incarceration is barred by Heck.  Although Hill contends that he has overcome the Heck bar by demonstrating that his judgment of conviction was invalidated in November 1997, the amended judgment to which Hill refers simply deleted the jury's affirmative finding that he used a deadly weapon; Hill's conviction and 50-year sentence were otherwise unaffected.  The district court's dismissal is therefore AFFIRMED.  Heck, 512 U.S. at 486-87; Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994).

Hill's motions to file supplemental briefs are DENIED.  Hill is advised that the district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  He is CAUTIONED that, if he accumulates three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; MOTIONS DENIED; THREE-STRIKES WARNING ISSUED.