**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 3, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-40300
Summary Calendar

JERRY W. WILLIAMS,

Plaintiff-Appellant,

versus

UP MARTINEZ, Individually and in his official capacity as
Secretary of Housing & Urban Development (HUD); WILLIAM
DALEY, General Counsel; YOUNG IMPLEMENTATION OFFICE
DIRECTOR, (YIO); CARMELO MELENDEZ, Individually and in his
official capacity; DAVID PILLEGGI, Senior Investigator;
OFFICE OF INSPECTOR GENERAL, (OIG); DAVE HENDERSON, Assistant
United States Attorney for The Department of Justice (AUSA);
UNIDENTIFIED PARTY, (DOJ) In his individual and official
capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-238
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry W. Williams, Texas inmate # 1103979, proceeding <u>pro</u>
<u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), appeals the district court's 28
U.S.C. § 1915(e) dismissal as frivolous and for failure to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim of his complaint filed pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 (1971). Williams sought damages for the defendants' alleged conspiracy, perjury, unlawful search, prosecutorial misconduct, and selective prosecution that resulted in Williams' criminal indictment and conviction.

Williams contends that he is not challenging his conviction and that his claims are not barred by Heck v. Humphrey, 512 U.S. 477 (1994). In addition, he asserts that the district court should have allowed him to amend his complaint prior to dismissal.

We review de novo the district court's dismissal of an IFP complaint for failure to state a claim. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). In our review, we consider that all of the plaintiff's factual allegations are true, and we uphold the dismissal only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). We review a dismissal of a complaint as frivolous for an abuse of discretion. Black, 134 F.3d at 733.

As the district court determined, resolution of Williams' claims would necessarily imply the invalidity of Williams' conviction, and Heck, 512 U.S. at 486-87, mandates dismissal because no cause of action accrues unless and until Williams can show that he has had his conviction reversed, expunged, declared invalid, or otherwise called into question by a writ of habeas

corpus, 28 U.S.C. § 2254.  See Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994).  Because Williams' cause of action has not yet accrued, the district court did not abuse its discretion by dismissing his complaint without amendment and further clarification.  Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).

Williams' appeal is without arguable merit, is frivolous and is DISMISSED.  5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of this appeal and the district court's dismissal of Williams' complaint count as strikes under the Prison Litigation Reform Act.  Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Williams is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED, SANCTION WARNING ISSUED.