IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40015
_____


RANDALL C. STONE,

                                          Plaintiff-Appellant,

                          versus

JANET RENO, U.S. Attorney General;
KATHLEEN HAWK; CHARLES TURNBO, Regional
Director; JAMES DELOACH, Legal Tech
FCI Texarkana; DAVID RARDIN, Warden,
FCI Texarkana,

                                          Defendants-Appellees.
_____

            Appeal from the United States District Court for the
                  Eastern District of Texas, Texarkana
                            (23464-91)
_____
                        June 10, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Randall Stone filed a pro se civil rights complaint

in federal district court, alleging that prison officials were

violating his constitutional rights by refusing to credit him with

"good conduct time" pursuant to federal statute and regulations.

At the time he filed his complaint, Stone was serving the remainder

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

of his sentence for a 1993 felon-in-possession conviction, after his supervised release had been revoked for failing to remain in Texas.  Stone sought money damages and an order that he be awarded good conduct time on the ten-month term he was ordered to serve after his supervised release was revoked.

The district court liberally construed Stone's complaint as raising both a habeas claim and a claim for damages under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).  The district court dismissed Stone's habeas claim for failure to exhaust administrative remedies.  The court dismissed Stone's <u>Bivens</u> claim under <u>Heck v. Humphrey</u>, ___ U.S. ___, 114 S.Ct. 2364 (1994), which held that a plaintiff could not seek money damages under § 1983 based upon an unconstitutional conviction or sentence unless that conviction or sentence had been invalidated.

Stone was released from prison in May 1995 after serving the full ten months imposed by the sentencing court that revoked his supervised release.  Consequently, all of Stone's claims except for his demand for money damages are now moot.  Stone argues that the district court erred in dismissing his claim for damages under <u>Heck</u> and <u>Stephenson v. Reno</u>, 28 F.3d 26 (5th Cir. 1994) (extending the rule of <u>Heck</u> to federal prisoners' <u>Bivens</u> claims).

We pretermit the question whether <u>Heck</u> and <u>Stephenson</u> apply because we conclude that Stone's <u>Bivens</u> claim was properly

dismissed on other grounds. Stone's argument is that prison officials have misinterpreted 18 U.S.C. § 3264(b), which provides that eligible federal prisoners serving terms of greater than one year shall receive a certain amount of "good conduct time" against their sentences.

In <u>Bivens</u>, the Supreme Court recognized an implied right of action, derived directly from the Constitution itself, that permits damages for constitutional violations against federal officials when sued in their individual capacities. We have often considered the tension that <u>Bivens</u> creates between the need to protect government officials from being sued for exercising their assigned duties and the need to protect individuals from violations of their constitutional rights. We have stated that in the context of federal program administration, that the constitutional right to due process

> is not implicated unless the decision goes beyond mere error to an intentional or reckless disregard of the constitutional rights of the person against whom the administrative decision is made. Mere failure to make the "correct" administrative decision does not rise to the level of a constitutional violation.

<u>Williamson v. U.S. Dept. of Agriculture</u>, 815 F.2d 368, 381 (5th Cir. 1987) (<u>quoting</u> <u>Bass v. U.S. Dept. of Agriculture</u>, 737 F.2d 1408 (5th Cir. 1984)).

Just as the officials in <u>Williamson</u> and <u>Bass</u> were charged with administering Department of Agriculture programs, federal prison

3

officials are charged with administering the federal "good conduct time" program, and interpreting the statute and regulations is a necessary element of administering the program. Although we have serious doubts whether prison officials in fact misinterpreted the statute and regulations, even *assuming* that they did, Stone fails to state a valid <u>Bivens</u> claim. Stone's complaint, at most, asserts that prison officials were negligent in their interpretation of the statute and thereby miscalculated his release date. Absent an indication that those officials intentionally sought to deprive Stone of his rights, they will not be held personally liable for any misinterpretation of the requirements of the statute or regulations.

The judgment of the district court is therefore

A F F I R M E D.