# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2010

Lyle W. Cayce
Clerk

No. 08-41050
Summary Calendar

ROBINSON MARTINEZ,

> Plaintiff-Appellant,

v.

CITY OF DONNA,

> Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas, McAllen Division
USDC No. 7:07-CV-256

Before KING, BENAVIDES and ELROD, Circuit Judges.

PER CURIAM:*

Robinson Martinez, Texas prisoner # 1466103, seeks leave to proceed in forma pauperis (IFP) on appeal to challenge the district court's dismissal of his civil rights complaint against the City of Donna and numerous police officers. In order to obtain IFP status, Martinez must show both that he is financially eligible and that he will present a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez is currently serving a 10-year sentence following his conviction for manslaughter which stemmed from a fatal automobile accident. He now argues that he is the victim of false arrest and malicious prosecution. The district court correctly concluded that Martinez's claims for damages based on a wrongful conviction may not be pursued until his conviction is overturned, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994). Martinez does not address this aspect of the district court's ruling and has effectively abandoned it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Martinez's appeal lacks arguable merit and we dismiss it as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. The district court's dismissal of Martinez's complaint and our dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Martinez that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.