# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2017

Lyle W. Cayce
Clerk

RODNEY JAMES PALMER,

Plaintiff-Appellant

v.

JEFFERSON B. SESSIONS, III; UNITED STATES ATTORNEY GENERAL; UNITED STATES ATTORNEY'S OFFICE; UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES OF AMERICA; FEDERAL BUREAU OF INVESTIGATION,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-362

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Rodney James Palmer, federal prisoner # 19339-081, appeals the district court's dismissal of his complaint as frivolous and for failure to state a claim upon which relief may be granted. Palmer alleged that the defendants violated his federal constitutional rights by convicting him of a crime in a federal court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that has no jurisdiction over him.  He contends that he is a sovereign and a citizen of the State of Utah, and not a person or a citizen of the United States.

When, as here, a district court dismisses a complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915 and § 1915A, our review is de novo, and we apply the standard of review applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A plaintiff fails to state a claim upon which relief can be granted if "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts."  *Id.* (internal quotation marks and citation omitted).  A complaint is "frivolous if it lacks any arguable basis in law or fact."  *Id.* (internal quotation marks and citation omitted).

Palmer contends that the district court erred in construing his complaint under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The label that Palmer attached to his complaint is not determinative.  *See Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011); *Solsona v Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987).  Because Palmer is a federal prisoner alleging a violation of his constitutional rights who is seeking a declaratory judgment and monetary damages, the district court did not err in construing his complaint as a *Bivens* action.  *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).  Further, the district court correctly concluded that Palmer's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  He challenged the validity of his federal criminal conviction, and he has not shown that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

No. 16-50102

*Heck*, 512 U.S. at 486-87; *accord Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

Next, Palmer challenges the district court's conclusion regarding his constitutional right to redress of grievances. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Driggers v. Cruz*, 740 F.3d 333, 336 (5th Cir. 2014). However, Palmer has shown no actual prejudice due to the policies or actions of the defendants with respect to his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Additionally, Palmer asserts that he is not subject to federal law. The magistrate judge determined that this claim was without an arguable legal or factual basis and should be dismissed as frivolous, and the district court adopted this determination. We agree. *See United States v. Weast*, 811 F.3d 743, 746 & n.5 (5th Cir.), *cert. denied*, 137 S. Ct. 126 (2016).

Palmer's challenge to the district court's determination that his claims must be raised under 28 U.S.C. §§ 2255 or 2241 is also without merit. Challenges to the validity of a federal conviction must be raised in a § 2255 motion, and the district court correctly concluded that it lacked jurisdiction under § 2255. *See Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Further, Palmer failed to show that he could meet the requirements of the § 2255(e) savings clause. *See Padilla*, 416 F.3d at 426; *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

According to Palmer, the district court misquoted the record, failed to consider all of the issues that he raised, and erred in dismissing his complaint with prejudice as frivolous and for failure to state a claim. The record shows that the district court addressed the relevant issues and did not err in

dismissing Palmer's complaint as frivolous and for failure to state a claim upon which relief could be granted. *Heck*, 512 U.S. at 486–87.

Finally, Palmer's motion to expedite his appeal is denied. *See* 5th Cir. R. 27.5.

Palmer's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5th Cir. R. 42.2.

The district court's dismissal of Palmer's complaint as frivolous and our dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Palmer is cautioned that if he accumulates three strikes under § 1915(g), he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION TO EXPEDITE APPEAL DENIED; SANCTION WARNING ISSUED.