# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10067

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2018

Lyle W. Cayce
Clerk

JOSEPH S. BLIMLINE,

Plaintiff–Appellant

v.

THIRTY UNKNOWN EMPLOYEES OF THE SECURITIES AND
EXCHANGE COMMISSION; FIFTEEN UNKNOWN EMPLOYEES OF THE
FEDERAL BUREAU OF INVESTIGATION,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3166

Before STEWART, Chief Judge, DENNIS, and WILLETT, Circuit Judges.

PER CURIAM:*

The district court held that federal prisoner Joseph Blimline's *Bivens* action against various federal actors was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  As explained below, we disagree. The Government suggests alternative grounds for affirming the district court's dismissal. These arguments have potential merit, but at this early stage, the record is not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10067

sufficiently developed. Accordingly, we VACATE and REMAND for further proceedings.

## I. BACKGROUND

### A.    Factual

Joseph Blimline, federal prisoner # 18029-078, sued 30 unknown employees of the Securities and Exchange Commission and 15 unknown employees of the Federal Bureau of Investigation under *Bivens*. Blimline claims the defendants conspired to violate his constitutional rights by searching his offices without a warrant and seizing his property in 2009. These searches led to criminal charges in the United States District Court for the Eastern District of Texas, where Blimline ultimately pleaded guilty to mail fraud and conspiracy to commit mail fraud in 2012. He was sentenced to 144 months of imprisonment. *See* ECF TXED 4:10-CR-137, 59, p.1. As relief, Blimline sought "a full accounting of [his] property, money damages for loss of property, compensation for damages and loss of assets, and full discovery."

The magistrate judge entered a report and recommendation recommending dismissal for failure to state a nonfrivolous claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Specifically, the magistrate judge stated that *Heck* barred Blimline's claims because resolving them in Blimline's favor would undermine his federal convictions. The district court agreed, dismissing the case as frivolous under §§ 1915(e)(2)(B) and 1915A(b) until such time that Blimline demonstrated he could satisfy the *Heck* requirements. The district court also certified that any appeal would not be taken in good faith under § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3).

Blimline filed a timely notice of appeal, and moved for leave to proceed in forma pauperis on appeal. The magistrate judge denied the motion, noting that the district court had previously certified that any appeal would not be

taken in good faith. A judge of this court granted Blimline's IFP motion and directed entry of a briefing schedule. Both sides have filed briefs.  Blimline argues that the district court erred by concluding that his *Bivens* suit was barred under *Heck*. He says permitting the case to proceed does not undermine the validity of his criminal convictions. The Government does not discuss *Heck* at all, and instead urges affirmance on alternate grounds—statute of limitations, qualified immunity, and failure to comply with mandatory procedures—because these grounds "provide more straightforward grounds for dismissal than *Heck*." Blimline responds that none of these alternate grounds have merit.

## II. JURISDICTION AND STANDARD OF REVIEW

### A.    Statement of Jurisdiction

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction to review the district court's final order under 28 U.S.C. § 1291.

### B.    Standard of Review

A *Bivens* action is analogous to a 42 U.S.C. § 1983 action except that § 1983 applies to constitutional violations by state, rather than federal, actors. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). Analysis of a *Bivens* claim therefore "parallel[s] the analysis used to evaluate state prisoners' § 1983 claims." *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

If the claim is frivolous or fails to state a claim upon which relief may be granted, then the district court should dismiss the claim. *See* § 1915(e)(2)(B) & § 1915A(b)(1). We review such a dismissal de novo, *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010), using the standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also In re Katrina Canal Breaches Litig.*,

No. 16-10067

495 F.3d 191, 205 (5th Cir. 2007) (applying de novo review of dismissal for failure to state a claim using Rule 12(b)(6) standard).

A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 550 U.S. at 555.

## III. DISCUSSION

### A.    Whether Blimline's Claim is *Heck*-Barred

A plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (internal footnote omitted). *Heck* applies equally to civil rights actions against federal officials under *Bivens*. *Stephenson*, 28 F.3d at 27 & n.1. In *Skinner v. Switzer*, 562 U.S. 521 (2011), the Supreme Court held that a judgment in favor of the plaintiff in his § 1983 suit for an order requiring DNA testing "would not necessarily imply the invalidity of his conviction" because the results might prove inconclusive, exculpatory, or might further incriminate the prisoner. *Id.* at 533–34 (internal quotation marks omitted, alterations, and citation omitted).

*Heck* supports Blimline's position. It is true that a plaintiff's unlawful search and seizure claim undermines the validity of a conviction. Thus, it is *Heck*-barred if evidence that was a direct or indirect product of the alleged

4

unlawful search and seizure was presented in the plaintiff's criminal conviction proceeding. *See Heck*, 512 U.S. at 487 n.7; *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (in the context of an allegedly unlawful arrest). If, however, the illegally obtained evidence is admissible under the independent source or inevitable discovery doctrine, or if the evidence's admission is deemed harmless, Blimline's claims would not necessarily imply the invalidity of his convictions. *See Heck*, 512 U.S. at 487 n.7. A Fourth Amendment claim may survive if it alleges some damage other than the conviction and sentence. *See id.*

Blimline requested "a full accounting of [his] property, money damages for loss of property, compensation for damages and loss of assets," for the SEC and FBI's allegedly warrantless search of his office and seizure of his property, the failure to provide him with an accounting of the assets seized, and the intentional infliction of emotional distress. The record is not sufficiently developed to determine whether any illegally obtained evidence was admissible under the independent source or inevitable discovery doctrine or whether the admission of the evidence was harmless. Plus, Blimline has alleged damages other than his conviction and sentence. By failing to brief the *Heck* issue, the Government has provided no insight here.

On this record (and keeping in mind what Blimline must demonstrate in the district court to survive summary dismissal), the district court erred by dismissing Blimline's *Bivens* suit based on *Heck. See Bell Atl. Corp.*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Perhaps, upon further development of the record, the district court could determine that the suit is *Heck*-barred. But for now, the record is not sufficiently developed to affirm the summary dismissal on that basis.

No. 16-10067

**B.    Alternate Grounds for Dismissal**

This court may nevertheless affirm the district court's judgment on any basis the record supports. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). The Government suggests three alternate bases for affirming: (1) Blimline's claims are all time-barred; (2) Qualified immunity blocks Blimline's takings and due process claims; and (3) Failure to comply with the Tucker Act's and/or Federal Tort Claims Act's (FTCA) processes bars his takings and state-law tort claims. Neither the magistrate judge nor the district court addressed these grounds for dismissal.

*1. Limitations*

The Government claims Blimline's causes of action are all subject to a two-year statute of limitations. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999) (FTCA and *Bivens* claims); 28 U.S.C. § 2679(b)(1) (state tort claims properly brought under the FTCA). The Government believes the causes of action all accrued more than two years before Blimline sued on September 24, 2015. It cites several possible accrual dates: the December 2009 search and seizure, Blimline's 2010 indictment and 2012 conviction, Blimline's April 2013 sentence reduction, and the September 23, 2013 civil judgment. Blimline counters that the date of accrual for all his claims is the September 23, 2013 civil judgment and that he placed his complaint in the mail on September 21, 2015.

"A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown*, 188 F.3d at 589–90 (internal quotation marks and citation omitted). "The plaintiff's knowledge of the injury depends on two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Id.* at 590. "Dismissal is appropriate if it is clear from the face of the

6

complaint that the claims asserted are barred by the applicable statute of limitations." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Although the Government may ultimately be correct, it is currently not clear from the face of Blimline's complaint if some or all of the claims are time-barred. If Blimline is correct that his cause of action accrued when the civil judgment was entered against him on September 23, 2013—one of the Government's potential accrual dates—at least some of his claims are not time-barred. Blimline was incarcerated when he submitted his *Bivens* complaint. So, he receives the benefit of the prison mailbox rule. *See Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006); *Cooper v. Brookshire*, 70 F.3d 377, 378–81 (5th Cir. 1995) (applying prison mailbox rule in civil rights case). Given that Blimline states he mailed the document before the two-year limitations period had run, it is questionable on this record whether his claims are time-barred.

### 2. *Qualified Immunity, Tucker Act, and FTCA*

The Government assumes Blimline has failed to allege facts in his complaint which could overcome qualified immunity. As for Blimline's alleged noncompliance with the Tucker Act and the FTCA, the Government again relies on Blimline's failure to allege facts that would demonstrate that he exhausted the remedies those subsections provide. Generally, a district court must not dismiss a pro se litigant's complaint for failure to state a claim unless it has given the litigant an opportunity to develop the facts and amend his complaint to remedy the deficiencies. *Eason v. Thaler*, 14 F.3d 8, 9–10 (5th Cir.1994). Blimline did not have such an opportunity in this case because the magistrate judge and district court did not address this ground for dismissal. While the magistrate judge did state that Blimline was not permitted the opportunity to amend his complaint because such amendment would be futile, this conclusion was premised on the magistrate judge's conclusion that

Blimline's claims were *Heck*-barred, not because Blimline's claims would fail on qualified immunity, Tucker Act, or FTCA grounds.

## IV. CONCLUSION

In light of this, the Government's alternate grounds for affirmance are insufficient on this record. Accordingly, we VACATE and REMAND to the district court for further proceedings.