

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Ishmail

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3713

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ishmail" (2006). *2006 Decisions.* Paper 1538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3713

UNITED STATES OF AMERICA

v.

RASHAD ISHMAIL
a/k/a Apple

Rashad Ishmail,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 03-cr-00604
(Honorable Cynthia M. Rufe)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2006
Before: SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed February 28, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Appellant Rashad Ishmail pled guilty to a single count of possession of a firearm

by a felon in violation of 21 U.S.C. § 922(g)(1). The District Court sentenced Ishmail to

77 months in prison and three years supervised release, and imposed a $1,000 fine and a $100 special assessment. Ishmail timely appealed his sentence, but did not challenge his conviction or guilty plea.

At sentencing, the District Court determined Ishmail had an offense level of 21 and criminal history category of VI, leading to a sentencing guidelines range of 77-96 months. Ishmail's offense level and criminal history category were based in part on the District Court's finding that he had at least two prior convictions for controlled substance offenses. The District Court imposed a sentence of 77 months, but explicitly stated it would have imposed a lesser sentence of 48 months imprisonment were it not bound by the sentencing guidelines.

Ishmail contends that by considering his prior convictions in sentencing, the District Court violated his Fifth Amendment right to be subject to a maximum punishment based solely on facts charged in an indictment and his Sixth Amendment right to jury trial. He contends his sentence should be vacated and remanded for resentencing based solely on facts charged in the indictment and to which he pled guilty, and consistent with the holding of *United States v. Booker*, 543 U.S. 220 (2005).[1]

Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, *United States v. Davis*, 407 F.3d 162, 166 (3d

---

[1]The government contends *Booker* renders Ishmail's objections to the District Court's findings regarding prior convictions moot, but does not object to Ishmail's request for resentencing consistent with *Booker*.

2

Cir. 2005) (en banc), we will vacate the sentence and remand for resentencing in accordance with *Booker*.