**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1338
_____

UNITED STATES OF AMERICA

v.

ALAN D. GARRETT, a/k/a ALLEN GARRETT
a/k/a ALLAN GARRETT a/k/a TYRONE GARRETT
a/k/a TYREE GARRETT a/k/a TYRELL GARRETT


Alan D. Garrett,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-11-cr-00242-001)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2012

Before:  McKEE, *Chief Judge*, JORDAN AND VANASKIE, *Circuit Judges*

(Filed: December 5, 2012)
_____

OPINION
_____


VANASKIE, *Circuit Judge.*

Alan Garrett pled guilty to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His appeal is before us on a brief filed by his attorney pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel for Garrett asserts that there are no nonfrivolous issues on appeal. We agree. Accordingly, we will affirm the District Court's judgment and grant counsel's motion for leave to withdraw.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

On August 20, 2010, at approximately 10:45 PM, police officers, responding to a radio call for shots fired, observed Garrett leaning on a fence in front of a residence and attempting to walk away in a staggered, unsteady manner. The officers ordered Garrett to stop, but he did not comply. The officers pursued Garrett as he attempted to flee. As police tackled him to the ground, Garrett removed a loaded handgun from his waistband. Garrett had been previously convicted of a felony.

On April 13, 2011, in a single-count indictment, the government accused Garrett of possessing a firearm as a convicted felon. On September 21, 2011, Garrett entered into a plea agreement with the government. On January 26, 2012, Garrett was sentenced to 77 months' incarceration, the bottom of the advisory guidelines range.

This appeal ensued. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

II.

A.

2

Pursuant to *Anders,* counsel for a defendant may seek to withdraw if, after reviewing the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." *See* 3d Cir. L.A.R. 109.2(a). Specifically, counsel must "(1) satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain why the issues are frivolous." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). Although not every conceivable claim need be raised and rejected, counsel "must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* When presented with an *Anders* brief, we engage in a two-step analysis to consider: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," the second step of the inquiry will be "confine[d] . . . to those portions of the record identified by . . . [the] *Anders* brief." *Id.* at 301. If this Court agrees with counsel's assessment of the appealable issues, we "will grant counsel's *Anders* motion and dispose of the appeal without appointing new counsel." *Id*. at 300. When reviewing an *Anders* motion, we exercise plenary review. *See Simon v. Gov't of Virgin Islands,* 679 F.3d 109, 114 (3d Cir. 2012).

Garrett's counsel identifies one potentially appealable issue: whether Garrett's criminal history category was improperly calculated. In untimely *pro se* filings, Garrett has presented some additional arguments in support of his appeal.[1]

---

[1] On April 30, 2012, Garrett caused to be filed a document in support of his appeal, simply stating that he was adding to his "*pro se* argument" our non-precedential

3

We are satisfied that Garrett's counsel has conducted an adequate examination of the record and adequately explained that there are no nonfrivolous issues for appeal. *See Youla*, 241 F.3d at 300. Therefore, we conclude that the *Anders* brief is adequate. "Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself,'" as well as the contentions asserted in a defendant's *pro se* brief. *Id.* at 301 (quoting *Marvin*, 211 F.3d at 553). We will consider first the issue presented in the *Anders* brief, and then turn to the questions raised by Garrett himself.

B.

The District Court found that Garrett's Criminal History Category points totaled nineteen, producing a Criminal History Category of VI. At sentencing, Garrett requested that counsel object to the calculation of his criminal history points. Counsel did so, but later withdrew that objection after concluding that the criminal history points were correctly calculated. The *Anders* brief questions the inclusion of three of Garrett's prior convictions in his criminal history category and whether five prior convictions should have been grouped as two separate single sentences. Garrett's counsel concludes that the issues pertaining to the criminal history scoring are frivolous.

opinion in *United States v. Ishmail,* 169 F. App'x. 114 (3d Cir. 2006). By letter dated May 1, 2012, the Clerk of Court directed Garrett to notify the Court in writing within seven days if he intended this document to serve as his *pro se* brief. Garrett did not respond to the Clerk's directive. Accordingly, his *pro se* submission was not treated as a brief in support of his appeal. On July 6 and 9, 2012, however, Garrett filed documents labeled as "Argument in Support of Appeal" and "Amended Argument in Support of Appeal." On August 20, 2012, Garrett filed a document treated on the record as a Rule 28(j) letter. These *pro se* submissions will be considered to be Garrett's additional arguments in support of his appeal.

4

1.

United States Sentencing Guidelines ("U.S.S.G") § 4A1.2(e) provides:

> (1)Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted [in the criminal history category]. Also counted are any prior sentences of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

Garrett was arrested for possessing a firearm as a convicted felon on August 20, 2010. Three of Garrett's prior arrests occurred before August 20, 1995, fifteen years from the date of the current offense. Specifically, the arrests occurred on April 13, 1993, June 13, 1994, and February 6, 1995. Garrett, however, was not sentenced on these charges until February 8, 1996. Furthermore, Garrett was sentenced in excess of the required one year and one month for each of the three offenses, qualifying them for use under § 4A2.1(e)(1). Garrett ultimately served 3 years' imprisonment for his arrest in April of 1993, due to a probation violation, and was sentenced to 5 years' incarceration and 18 years' incarceration respectively for his arrest in June of 1994 and February of 1995. Therefore, because the sentences were imposed within the 15 year limitation under § 4A1.2(e)(1) and exceeded the required one year and one month minimum sentence, they were properly considered by the court in calculating Garrett's Criminal History Score. *See, e.g.*, *United States v. Baltas*, 236 F.3d 27, 39 (1st Cir. 2001) (prior sentence properly counted because defendant in prison within 15 year period); *United States v.*

*Love*, 134 F.3d 595, 608 (4th Cir. 1998) (prior sentences properly counted because defendant serving time for prior convictions within 15 years of commission of charged offense); *United States v. Ybarra*, 70 F.3d 362, 366 (5th Cir. 1995) (criminal history correctly included 2 felony convictions for which defendant was released from custody over 15 years ago because defendant serving sentence on those convictions within 15 years of commission of charged offense). *See also United States v. Salmon,* 94 F.2d 1106, 1128 (3d Cir. 1991) (despite Washington originally receiving a suspended sentence which would preclude counting the conviction, he later served a term of imprisonment due to a probation violation, thus permitting the district court to consider the sentence in calculating criminal history points).

2.

U.S.S.G. Section 4A1.2(a)(2) provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

The Guidelines specifically mandate that offenses separated by an intervening arrest are to be considered separately when calculating a defendant's criminal history score. *See* U.S.S.G. § 4A1.2(2) cmt. 2. Here, Garrett was arrested on April 13, 1993, June 13, 1994, and February 6, 1995, but was sentenced on all three charges on the same day, and the

sentences ran concurrently. Similarly, Garrett was arrested on December 26, 2006 and June 5, 2007, but was sentenced on both charges on the same day, and the sentences ran concurrently. On every occasion, Garrett was arrested on the prior charge before the commission of the second offense. The fact that the sentences for the separate offenses were imposed on the same date and that the sentences ran concurrently is irrelevant. Therefore, the District Court properly concluded that Garrett's convictions counted separately. Accordingly there was no error in the computation of Garrett's Criminal History Score.

B.

In three untimely submissions, treated as Garrett's *pro se* brief, Garrett raises three issues for appeal. Garrett contends that his sentence under the plea agreement exceeded the statutory maximum, and that several prior convictions should not have been counted as felonies.

1.

Garrett contends that his sentence exceeds the statutory maximum for the offense to which he pled guilty. Garrett argues that a defendant sentenced for violation of § 922 shall not be imprisoned for more than five years . In support of his argument, Garrett cites 18 U.S.C. § 924(a)(1).

18 U.S.C. § 924 reads in relevant part:

> (a)(1) Except as otherwise provided in this subsection,
> subsection (b), (c), (f), or (p) of this section, or in section 929,
> whoever--
> (A) knowingly makes any false statement or representation
> with respect to the information required by this chapter to be

7

kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter;

(B) knowingly violates subsection (a)(4), (f), (k), or (q) of section 922;

(C) knowingly imports or brings into the United States or any possession thereof any firearm or ammunition in violation of section 922(l); or

(D) willfully violates any other provision of this chapter, shall be fined under this title, imprisoned not more than five years, or both.

(2) Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 924(a).

Garrett pled guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section (a)(1) applies to the violation of subsections (a)(4), (f), (k), and (q) of § 922. Section (a)(2) applies to the violation of subsections (a)(6), (d), (g), (h), (i), (j), and (o) of § 922. Therefore, the subsection applicable to Garrett's offense is (a)(2), not (a)(1) as Garrett contends. Section (a)(2) permits imprisonment of up to 10 years for a violation of § 922(g). Garrett was sentenced to six years and five months' imprisonment. Therefore, he was not sentenced in excess of the statutory maximum.[2]

2.

Next, Garrett contends only sentences imposed within ten years of the commencement of the instant offense are to be considered in calculating the Criminal

---

[2] Garrett also cites 18 U.S.C. § 924 (c)(1)(A) in support of his argument. Section 924(a)(1)(A) is only applicable to crimes of violence and drug trafficking offenses. Garrett was not charged with a crime of violence. Therefore, this section is inapplicable.

History Score.  Garrett argues that three of his offenses fall outside the ten-year window, and thus were incorrectly considered by the District Court.

The current offense was committed on August 20, 2010.  Garrett has eight prior convictions, seven of which were included in calculating his Criminal History Score.  On October 15, 1993, Garrett was convicted of unlawful possession of a weapon (handgun). He was originally sentenced to 1 year probation, but due to a probation violation on February 8, 1996, Garrett was resentenced to three years' imprisonment.  On the same date, Garrett was sentenced for a second unlawful possession of a weapon (firearm) charge and criminal attempt to commit murder.  Garrett was sentenced to 5 years' imprisonment and 18 years' imprisonment respectively.   On September 3, 2002, Garrett was convicted of escape from detention and sentenced to four years' imprisonment.  On December 6, 2003, Garrett was convicted of hindering apprehension and sentenced to two days' imprisonment.[3]  On October 16, 2007, Garrett was convicted of burglary and sentenced to 3 years' imprisonment.  On October 26, 2007, Garrett was convicted of possession of a controlled substance with intent to distribute within 1,000 feet of a school and sentenced to three years' imprisonment.  On August 23, 2010, Garret was convicted of prowling in a public place, and sentenced to 30 days' imprisonment.[4]

As pointed out above, a sentence imposed within fifteen years of the commission of the offense under consideration is counted if, *inter alia,* the sentence exceeded one

---

[3] Although this conviction falls within the ten year statutory time period, zero criminal history points were associated with this offense.  Therefore, it had no impact on Garrett's final criminal history score.

[4] This last conviction was given one criminal history point.  The other six convictions that were counted were assigned three points.

year and one month. Garrett was sentenced to prison terms exceeding one year and one month for three separate offenses more than ten but less than fifteen years ago, and these sentences were properly considered in calculating his criminal history score. His convictions for which sentences were imposed within ten years of the commission of the instant offense also were properly counted. Accordingly, Garrett's contention is frivolous.

3.

Last, Garrett argues that two of his prior convictions were incorrectly considered felonies and therefore should not have been considered in the calculation of his Criminal History Score because they fall outside of the non-felony ten-year window. Specifically, Garrett contends that neither of his unlawful possession of a weapon charges should have been considered.

Garrett has two prior convictions for unlawful possession of a weapon. Garrett received a sentence of three years' imprisonment for the first offense, and five years' imprisonment for the second.[5] U.S.S.G. § 4A1.2(e)(1) requires inclusion of offenses resulting in a sentence of more than one year and one month for which the sentence was imposed within fifteen years of commission of the instant offense. And U.S.S.G. § 4A1.1(a) assigns three points to each sentence exceeding one year and one month. Therefore, because both offenses resulted in sentences well in excess of the required one

---

[5] The first offense originally resulted in a sentence of one year probation. Garrett violated that probation and was resentenced to three years' imprisonment.

10

year and one month, they were thus properly considered in calculating Garrett's Criminal History Score.

### III.

Counsel adequately fulfilled the requirements of *Anders*. Our independent review of the record does not disclose any nonfrivolous grounds for appeal. For the foregoing reasons, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.