CLD-183                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1083
_____

ALAN D. GARRETT,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-18-cv-14515)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 13, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Alan D. Garrett, proceeding in forma pauperis, appeals from the District Court's order dismissing his civil rights complaint for failure to state a claim. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Garrett, a federal prisoner, is currently incarcerated at Schuylkill FCI. In September 2011, he pleaded guilty in the District Court to the charge of being a felon in possession of a firearm. See United States v. Garrett, 507 F. App'x 139, 139–40 (3d Cir. 2012) (non-precedential) (affirming judgment of conviction and sentence). He was sentenced to 77 months' imprisonment based, in part, on a sentencing guidelines calculation that incorporated his prior state convictions. See id. at 143. Although Garrett is currently litigating a 28 U.S.C. § 2255 motion, his federal conviction and sentence have not been invalidated.

In October 2018, Garrett filed a complaint in the District Court seeking damages against the United States. He claimed that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated during his federal criminal proceedings. He alleged that his counsel was ineffective, that his guilty plea was invalid, and that an excessive sentence was imposed based on an erroneous application of the sentencing guidelines. The District Court dismissed the complaint for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii), determining that all of Garrett's claims were barred by the

favorable termination rule in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). This appeal ensued.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal order is plenary. See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's conclusion that Garrett's complaint failed to state a claim using the same standard that we use for Fed. R. Civ. P. 12(b)(6) dismissals. See Allah, 229 F.3d at 223. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

## III.

The District Court properly determined that all of the claims in Garrett's complaint are barred by Heck. See 512 U.S. at 486–87. In Heck, "the Supreme Court held that a [42 U.S.C.] § 1983 suit should be dismissed when 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"

---

[1] After Garrett filed his notice of appeal, he filed a motion for reconsideration. His notice of appeal here does not encompass the District Court's ruling on that motion, as he did not file a new or amended notice of appeal from the District Court's order denying the motion for reconsideration. See Fed. R. App. P. 4(a)(4)(B)(ii).

Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) (quoting Heck, 512 U.S. at 487); see also Lora-Pena v. F.B.I., 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam) ("[T]he reasoning in Heck has been applied to bar [Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)] claims."). Here, because Garrett's claims directly challenged the validity of his federal conviction and sentence—which have not been invalidated—his complaint sought "the sort of relief that is plainly barred by Heck." Long, 670 F.3d at 447.[2] Accordingly, the District Court properly dismissed the complaint without prejudice and without leave to amend. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).[3]

For the foregoing reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. In light of our disposition, Garrett's

---

[2] The District Court properly determined that Garrett's Eighth Amendment claim was barred by Heck, as Garrett based that claim on his allegation that he was confined pursuant to an erroneous sentence. Garrett did not raise a claim that he has been detained, after his term of imprisonment ended, due to the deliberate indifference of prison officials, cf. Montanez v. Thompson, 603 F.3d 243, 250 (3d Cir. 2010), or an excessive force claim, or a claim that prison officials were deliberately indifferent to his serious medical needs. To the extent that Garrett's notice of appeal attempts to raise such claims or other new claims related to the conditions of his confinement, he may pursue those claims through separate litigation and after proper administrative exhaustion. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (the Court will "not consider new claims for the first time on appeal") (citation omitted). We express no opinion on the timeliness or merits of any such litigation.

[3] The District Court properly concluded that Garrett failed to show the need for a stay pending the outcome of his § 2255 proceedings. See Stephenson v. Reno, 28 F.3d 26, 27–28 (5th Cir. 1994) (per curiam) (noting generally that if Heck applies, then the claims have not yet accrued and so the statute of limitations is not a concern); cf. Wallace v. Kato, 549 U.S. 384, 389–90 (2007); Dique v. N.J. State Police, 603 F.3d 181, 187–88 (3d Cir. 2010).

4

motion for appointment of counsel is denied.  See <u>Tabron v. Grace</u>, 6 F.3d 147, 155–56

(3d Cir. 1993).